**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1982
_____

JENNIFER KITZ,
                                    Appellant

v.

MICHAEL D. KITZ, SR.; KELLER WILLIAMS REALTY, Center City Listings;
FIRST AMERICAN TITLE INSURANCE COMPANY; TRUSTED SETTLEMENT
SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-22-cv-00600 & 2-22-cv-00783)
District Judge:  Honorable John R. Padova
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 2, 2022
Before: GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Jennifer Kitz appeals, inter alia, the District Court's orders dismissing her

complaints and denying her motion to reinstate the complaints.  For the reasons that

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

follow, we will review those orders from which the notice of appeal was timely filed and affirm the District Court's judgment.

As we write primarily for the parties, who are familiar with Kitz's claims and the procedural history of the District Court proceedings, we will focus on those filings that are relevant to our analysis. In February 2022, Kitz filed a complaint which was docketed at E.D. Pa. Civ. No. 22-cv-00600. She alleged that the defendants had stolen the proceeds of a real estate sale from her. By order entered February 18, 2022, the District Court dismissed her federal claims with prejudice, having determined that the federal criminal statutes invoked by Kitz did not provide a private, civil cause of action. It dismissed her state law claims without prejudice, declining to exercise supplemental jurisdiction over them after concluding that Kitz had not established federal diversity jurisdiction. See Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (noting that federal diversity "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state"). The court also determined that it would be futile to permit Kitz to amend her complaint.

Kitz then filed an amended complaint, naming additional defendants. She also separately submitted several emails and exhibits to the District Court. By order entered March 1, 2022, the District Court directed the Clerk to docket the amended complaint in a new action. The District Court advised Kitz that emailing questions and miscellaneous requests was not appropriate and reminded her to submit documents in the form of a pleading. After the Clerk docketed the new complaint at E.D. Pa. Civ. No. 22-cv-00783,

constitute binding precedent.

2

Kitz filed a motion requesting that the District Court enter a judgment in her favor as well as a motion requesting that the District Court order the defendants to provide her with discovery related to the sale of the house. She continued to send numerous emails and exhibits to the District Court. On March 11, 2022, the District Court again dismissed the federal claims with prejudice and the state law claims without prejudice, concluding that diversity jurisdiction was still lacking. It denied Kitz's motions for a judgment and discovery.

Kitz then filed a motion for the appointment of counsel, which the District Court denied as moot on April 25, 2022, because the case had been dismissed. That same day, Kitz filed an identical motion to reopen in both proceedings. The District Court denied the motions the next day, noting that Kitz had again failed to allege that the parties were of diverse citizenship.[1] On May 21, 2022, Kitz filed a notice of appeal. She stated that she was appealing the dismissal of her complaint in 22-cv-0600, the dismissal of her complaint in 22-cv-0783, the denial of her motions for judgment and for discovery, the denial of her motion to reopen the proceedings, and the denial of her motion for counsel.[2]

We first address the scope of the appeal. Because, as discussed below, the notice of appeal was untimely with respect to several of the orders appealed, we lack jurisdiction to review those orders.

---

[1] Kitz continued to file letters and exhibits with the District Court. On May 13, 2022, the District Court ordered Kitz to show cause why she should not be enjoined from filing additional documents other than a notice of appeal in the two cases. After Kitz responded, the District Court entered an order on May 20, 2022, enjoining her from filing any documents other than a notice of appeal.

[2] In her notice of appeal (dated May 14, 2022), Kitz did not express any intent to appeal

3

A notice of appeal in a civil case in which the United States is not a party must be filed within thirty days of the order appealed. Fed. R. App. P. 4(a)(1)(A); see Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (time limits to appeal in civil cases are "mandatory and jurisdictional."). The notice of appeal, filed on May 21, 2022, is untimely with respect to the District Court's February 18 and March 11 orders dismissing Kitz's complaints and denying her motions for judgment and discovery.[3] Accordingly, insofar as Kitz appeals these orders, we will dismiss the appeal for lack of jurisdiction. However, the notice of appeal is timely with respect to the District Court's April 25 & 26 orders denying her motions for counsel and to reopen the proceedings. Thus, we have jurisdiction over her appeal with respect to those orders.

We turn first to the District Court's order denying Kitz's motion for counsel. At the time Kitz filed her motion for the appointment of counsel, the District Court proceedings were closed. In her brief on appeal, Kitz does not make any arguments challenging the denial of her counsel motion. The District Court did not err in denying a request for counsel in a closed case.

Kitz's motions to reopen are most appropriately construed as arising under Federal Rule of Civil Procedure 60(b). That rule allows a court to grant a party relief from a final judgment for, inter alia, mistake, excusable neglect, newly discovered evidence, fraud, misconduct, or any other reason that justifies relief. We review a District Court's order denying a Rule 60(b) motion for an abuse of discretion. Jackson v. Danberg, 656 F.3d

---

the District Court's May 20, 2022 order.

[3] Kitz did not file a timely motion under Fed. R. App. P. 4(a)(4) that would serve to toll

4

157, 162 (3d Cir. 2011). In her motion to reopen the proceedings, Kitz listed all the courts and agencies she had unsuccessfully asked for relief. With respect to the District Court's reasoning for dismissing her complaints, she stated, in relevant part, "I believe that I presented to you both factual evidence, motive and diversity." She also expressed that she would add more parties if the matter was reopened. As Kitz did not provide any reason justifying relief from judgment under Rule 60(b), the District Court did not abuse its discretion in denying her motion to reopen the proceedings.

For the above reasons, we will dismiss the appeal in part and otherwise affirm the District Court's orders. Kitz's motions, including her requests for sanctions, a default judgment, and an order to show cause, are denied.

the time to appeal.